UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN WADE JETT, JR.,

       Petitioner,

v.                               CASE NO. 13-12524

STEVEN RIVARD,               HON. AVERN COHN

       Respondent.

_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST AND APPLICATION FOR APPOINTMENT OF COUNSEL (Docs. 4-5)

This is a habeas case under 28 U.S.C. § 2254. Petitioner is challenging his 2011 Saginaw County convictions on grounds that he was sentenced on inaccurate information and his trial attorney was ineffective during the plea process and at sentencing. Before the Court are Petitioner's request for appointment of counsel (Doc. 4) and his identical application for appointment of counsel (Doc. 5). Petitioner says that he is unable to retain counsel, that the issues are complex, and that the ends of justice would be served by appointing counsel.

There is no constitutional right to the appointment of counsel in a habeas proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding for a financially eligible petitioner is required only if the district court determines that an

evidentiary hearing is required.  <u>Lemeshko v. Wrona</u>, 325 F. Supp. 2d 778, 787 (E.D.

Mich. 2004); see Rule 8(c), Rules Governing Section 2254 Cases in the United States

District Courts.  Otherwise, the matter lies within the discretion of the court.  <u>Mira v.

Marshall</u>, 806 F.2d 636, 638 (6th Cir. 1986).  A "financially eligible" habeas petitioner

may obtain representation at any stage of the case "[w]henever the United States

magistrate judge or the court determines that the interests of justice so require." 18

U.S.C. § 3006A(a)(2)(B).

 Here, the interests of justice do not require appointment of counsel at this time.

Petitioner has clearly framed the issues for resolution in his papers and the state has

not yet filed a response to the petition, or the materials required to be filed by Rule 5 of

the Rules Governing Section 2254 Cases.  The Court is therefore unable at this time to

determine whether appointment of counsel is necessary.

 Accordingly, Petitioner's request and application for appointment of counsel are

DENIED WITHOUT PREJUDICE.  Petitioner's request will be reconsidered if, after

reviewing the responsive pleading and the state court record, the Court determines that

appointment of counsel is necessary and that Petitioner is financially eligible.  Petitioner

need not file any additional papers regarding his application.

 SO ORDERED.

       s/Avern Cohn       
       UNITED STATES DISTRICT JUDGE


Dated:  December 9, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, December 9, 2013, by electronic and/or ordinary mail.


       s/Carol Bethel for Sakne Chami    
       Case Manager, (313) 234-5160